UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RYAN D. DOAK,

    Petitioner,

v.

Case No: 6:17-cv-1909-Orl-28GJK
(6:11-cr-273-Orl-28GJK)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE is before the Court on Petitioner Ryan D. Doak's Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 3) filed pursuant to 28 U.S.C. § 2255. Respondent filed a Response to the Motion to Vacate ("Response," Doc. 5) in compliance with this Court's instruction. Petitioner filed a Reply to the Response ("Reply," Doc. 7).

Petitioner asserts two grounds for relief. For the following reasons, the Motion to Vacate is denied.

### I. Procedural History

A grand jury charged Petitioner with distribution of child pornography (Count One) in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and (b)(1) and possession of child pornography (Count Two) in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). (Criminal

Case No. 6:11-cr-273-Orl-28GJK, Doc. 1.)[1] Pursuant to a plea agreement, Petitioner entered a plea of guilty to Count One. (Criminal Case, Doc. Nos. 45, 48.) The Government dismissed Count Two. (Criminal Case, Doc. 67.) On September 4, 2012, the Court entered Judgment, sentencing Petitioner to a 121-month term of imprisonment. (*Id.*) Petitioner did not appeal.

Petitioner initiated this action under the mailbox rule on October 30, 2017.[2] (Doc. 1.)

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented

---

[1] Criminal Case No. 6:11-cr-273-Orl-28GJK will be referred to as "Criminal Case."

[2] *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (*pro se* prisoner's § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, will be presumed to be the date the document was signed by the prisoner).

could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Under § 2255(f)(1), Petitioner had one year from the date his conviction became final to file a § 2255 motion. Judgment was entered on September 4, 2012, and Petitioner did not file a direct appeal. Therefore, his conviction became final on September 18, 2012, when the time for filing an appeal expired. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (a conviction which is not appealed becomes final when the time allowed for filing an appeal expires); *see also* Fed. R. App. P. 4(b). Thus, under § 2255(f)(1), Petitioner had through September 19, 2013, to file his § 2255 motion. *See* Fed. R. Civ. P. 6(a)(1)(A).

The remaining provisions of 28 U.S.C. § 2255(f) are not applicable. Petitioner's grounds for relief are predicated on Amendment 801 to the United States Sentencing Guidelines,[3] which became effective on November 1, 2016. Amendment 801, however, is an amendment to the United States Sentencing Guidelines, not a right recognized by the Supreme Court of the United States and made retroactive to cases on collateral review. Consequently, § 2255(f)(3) is not applicable. *See, e.g., Bell v. United States*, No. 2:14CV1104-MHT, 2017 WL 1398665, at *4 (M.D. Ala. Mar. 16, 2017) ("Clearly, though, § 2255(f)(3)

---

[3] Amendment 801 amended § 2G2.2(b) to resolve "differences among the circuits in applying the [2-level and] 5-level [child pornography] distribution enhancement[s] by clarifying the mental state required for distribution of child pornographic material for non-pecuniary gain, particularly when the case involves a file-sharing program or network." *See* U.S. Sentencing Guidelines Manual, Suppl. to App. C, Amendment 801 at 146 (2016).

3

does not apply to [the petitioner's] claim, because the claim is predicated on an amendment to the Sentencing Guidelines and not on a right recognized in (and made retroactive by) a decision of the United States Supreme Court."), *report and recommendation adopted*, No. 2:14CV1104-MHT, 2017 WL 1398649 (M.D. Ala. Apr. 18, 2017).

Moreover, "[a] change or clarification of controlling law is not a 'fact' within the meaning of § 2255(f)(4)." *United States v. Harrison*, 680 F. App'x 678, 680 (10th Cir. 2017). Therefore, Amendment 801 does not constitute a "fact," and § 2255(f)(4) is not applicable. *See, e.g., Bazemore v. United States*, 595 F. App'x 869, 873 (11th Cir. 2014) (noting that "[t]he plain language of [§ 2255(f)(4)]. . . refers to 'facts,' and the *Stewart* decision is a legal opinion, not a new fact.").

Petitioner appears to assert he is entitled to equitable tolling. (Doc. 3 at 10.) The Supreme Court of the United States has held that the one-year statutory limitation period is subject to equitable tolling in limited circumstances. *Holland v. Florida*, 560 U.S. 631, 644 (2010). Equitable tolling is appropriate when a petitioner demonstrates: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Lucas v. United States*, 522 F. App'x 556 (11th Cir. 2013) (applying *Holland* to a § 2255 proceeding). To show extraordinary circumstances, a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)). The petitioner bears the

4

burden of establishing the applicability of equitable tolling. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

In denying equitable tolling, the Eleventh Circuit has recognized that "a change in law is not an extraordinary circumstance for equitable tolling purposes." *Bazemore*, 595 F. App'x at 874 (citing *Outler v. United States*, 485 F. 3d 1273 (11th Cir. 2007)); *see also Alvarez v. Crews*, No. 13-60664-CIV, 2014 WL 29592, at *6 (S.D. Fla. Jan. 3, 2014) (concluding no extraordinary circumstance shown for equitable tolling based on change in law). Accordingly, Petitioner is not entitled to equitable tolling, and this case is untimely.[4]

Any of Petitioner's arguments that attempt to excuse his failure to file the instant motion within the one-year period of limitations and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 3) is

---

[4] Alternatively, Petitioner's contention that he is entitled to a sentence reduction under Amendment 801 is not cognizable. "A claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice." *Burke v. United States*, 152 F.3d 1329, 1332 (11th Cir. 1998). Petitioner, who was sentenced well below the twenty-year statutory maximum, has not established that a complete miscarriage of justice results from not applying Amendment 801. *See Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014) ("When a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice."). Finally, as noted by Petitioner, if the Court applied Amendment 801, his sentencing guideline range would be 121 to 151 months. (Doc. 1 at 5.) The Court sentenced Petitioner to a 121-month term of imprisonment.

5

DENIED, and this case is DISMISSED with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:11-cr-273-Orl-28GJK and to terminate the motions (Criminal Case, Doc. Nos. 69, 70) pending in that case.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[5] Accordingly, a Certificate of Appealability is DENIED in this case.

DONE and ORDERED in Orlando, Florida on October 31st, 2018.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:
OrlP-1
Ryan D. Doak
Counsel of Record

---

[5] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 11(a).

6